## Consolidation Coal Company v. Moore.

(Decided October 6, 1915.)

### Appeal from Johnson Circuit Court.

1. Master and Servant—Safe Place and Appliances—Scope of Employment.—A coal loader who, because of the delay of the motorman in calling for a loaded car, went to the entry and requested the motorman to return for the car, and who, after reaching his room and while walking beside the motor, was injured by the derailment of the motor, was acting within the scope of his employment and was at a place where it was the duty of the master to use ordinary care to furnish him a safe place to work and reasonably safe appliances for work.

2. Master and Servant—Personal Injuries—Evidence—Insufficiency. —In an action for damages for personal injuries, based on a defective and insufficient track, evidence examined and held sufficient to take the case to the jury.

3. Master and Servant—Safe Place and Appliances—Assumed Risk. —Ordinarily a servant does not assume the risk growing out of the master's failure to use ordinary care to furnish him a reasonably safe place to work, or reasonably safe appliances for work. It is only where the defect and the danger therefrom are known by the servant, or are so obvious that an ordinarily prudent person, under the circumstances, would have observed and appreciated them, that the servant can be said to have assumed the risk thereof.

4. Master and Servant—Personal Injuries—Proximate Cause—Instruction.—Loaded cars in a mine were removed from the room by means of a crab rope or cable attached to a motor. The crab rope not being long enough to reach from the entry track to the car in the room, made it necessary for the motor to go on the room track. When the motor went on the room track it was derailed and

plaintiff injured. There was evidence to the effect that the room track was defective or insufficient. Held, that as the crab rope was not being used at the time, the defective or insufficient track and not the insufficient length of the crab rope was the proximate cause of the injury, and an instruction authorizing a recovery because of the insufficient length of the crab rope was error.

O'REAR & WILLIAMS, FOGG & KIRK and ALLIE W. YOUNG for appellant.

JOHN W. and C. B. WHEELER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Reversing.

Plaintiff, William Moore, brought this action against defendant, Consolidation Coal Company, to recover damages for personal injuries. From a verdict and judgment in his favor for $600, the coal company appeals.

Briefly stated, the facts are as follows: Plaintiff was employed to load coal in defendant's mine near Van Lear. When the cars were loaded they were coupled to an electric motor, which pulled them outside the mine. After loading a car on the morning of the accident and waiting some time for the motor to pull it out, plaintiff went to the entry and requested the motorman to call for his car. Shortly thereafter the motorman returned with the motor. As the motor was turning into the room track, plaintiff was walking by the side of it. The motor was derailed and plaintiff's foot was caught between one of the rails and a gob of slate lying nearby. His foot was crushed and two bones broken. There was some evidence tending to show that the room track was not constructed for the purpose of operating a motor over it and was insufficient for that purpose. There was likewise evidence tending to show that the ties at the place of accident were defective, and that one of the ties where the motor was derailed broke in two just under the rail. One of the witnesses stated that the break appeared to be an old one. There was further evidence to the effect that the crab rope, which was used to draw the loaded cars off the room track, was not quite long enough to reach from the entry track to the car, and that this made it necessary to run the motor onto the room track in order to connect the crab rope, or cable, with the loaded car.

Defendant insists that a peremptory instruction should have been given, because (1) the safe place or safe appliance doctrine did not apply; (2) evidence of the defective or insufficient condition of the track was not sufficient to take the case to the jury: (3) the injury was the result of one of the ordinary hazards of the business which plaintiff assumed. The evidence shows that there was a long delay on the part of the motorman in coming for the loaded car. Plaintiff went to the entry to request the motorman to get the car. He returned with the motorman and was walking beside the motor. At the time of the injury the motor was on the track in the room in which plaintiff was at work. While it may be true that plaintiff was not engaged in performing any duties in connection with the motor when he was injured, yet, he was certainly acting the part of a faithful employee in requesting the motorman to come for the loaded car and in returning promptly to the room, in order to resume his work, either of assisting in getting out the loaded car or of loading other cars. It cannot be said, therefore, that he was at a place where the duty of the master to use ordinary care to furnish him a safe place to work, or reasonably safe appliances for work, did not apply. While the evidence, as to how long the defective condition of the track had existed is not very satisfactory, we conclude, from an examination of the entire record, that there was sufficient evidence on this question to take the case to the jury. We likewise conclude that, on the insufficiency of the track itself to support a motor like the one being used, there was sufficient evidence to take the case to the jury. Nor do we think that there is any merit in the contention that plaintiff assumed the risk of an accident like the one in question. Ordinarily, a servant does not assume the risk growing out of the master's failure to use ordinary care to furnish him a reasonably safe place to work, or reasonably safe appliances for work. It is only where the defect and the danger therefrom are known by the servant, or are so obvious that an ordinarily prudent person, under the circumstances, would have observed and appreciated them, that the servant can be said to have assumed the risk thereof. C. & O. Ry. Co. v. DeAtley, 159 Ky., 687. In this case there is no evidence tending to show that the plaintiff knew of the defect and the danger therefrom, or that the defect and danger were plainly observable by a person

of ordinary prudence. It follows that plaintiff did not assume the risk in question.

The instructions authorized a recovery, not only if the track was defective or insufficient, but if the crab rope was not of sufficient length to reach from the motor on the entry track to the loaded car. It is argued that this phase of the case should have been submitted to the jury, because there was evidence tending to show that the insufficient length of the crab rope made it necessary for the motor to go on the room track in order to connect the loaded car with the crab rope. The fact remains, however, that the crab rope was not being used at the time of the accident. While its insufficient length may have made it necessary for the motor to go on the room track, its insufficiency was not the proximate cause of the accident. The defective or insufficient condition of the track, if it was defective or insufficient, alone caused the motor to be derailed and was the proximate cause of the injury. That being true, the trial court erred in authorizing a recovery based upon the insufficiency of the crab rope.

On the return of the case, the plaintiff will be permitted to amend his petition and fill the blank in the allegation with reference to the time which he lost by reason of his injuries.

Judgment reversed and cause remanded for a new trial consistent with this opinion.