## Carter Coal Company v. Lay, Administrator.

(Decided December 17, 1918.)

### Appeal from Knox Circuit Court.

1. Master and Servant—Safe Place—Question for Jury—Evidence—Sufficiency.—In an action for the death of a miner, caused by a fall of overhanging slate, evidence examined and the question whether the defendant knew of the defective condition of the roof, or could have known of it by the exercise of ordinary care in time to have avoided the injury, held for the jury.

2. Master and Servant—Safe Place—Evidence—Admissibility.—In an action for the death of a miner caused by falling slate, evidence by the assistant mine inspector that the air course, where the accident occurred, was too wide, and that the roof was not safe unless properly cross-timbered, and that he advised the mine foreman of this fact before the accident, and that the foreman, after the accident, notified him that he was unable to timber at the place of the accident because there was so much timbering to be done, was admissible.

3. Master and Servant—Damages—Punitive Damages—Instruction.—In an action for the death of a miner, an instruction authorizing a finding of punitive damages was not prejudicial, where the jury was authorized to find either compensatory or punitive damages,

or both, and to state what its finding was for, and the jury returned a "compensatory verdict in the sum of ($5,500.00) fifty-five hundred dollars."

4.  Master and Servant—Assumption of Risk.—In an action for the death of a miner, it was not error to refuse an instruction on assumption of risk, where the deceased was not charged with the duty of inspection and there was no evidence from which it could be inferred that he knew of the defective condition of the roof and appreciated the consequent danger, or that the defective condition and consequent danger were so obvious that an ordinarily prudent person in his situation would have observed the one and appreciated the other.

5.  Damages—Excessive.—A verdict of $5,500.00 for the death of a miner who was twenty years of age, had an expectancy of 34.22 years and made about $2.25 per day, is not excessive even though the deceased spent his money freely and sometimes drank to excess.

BLACK & OWENS for appellant.

CHARLES I. DAWSON and J. M. ROBSION for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

S. E. Lay, as administrator of James Laws, deceased, brought this suit against the Carter Coal Company to recover damages for his death. From a verdict and judgment in favor of plaintiff for $5,500.00, the coal company appeals.

Laws was employed by the company as a coupler. Where it was necessary to run one of the electric motors into a room into which the trolley wire did not extend, it was the duty of the coupler to attach to the trolley wire in the entry a cable, which was connected to a spool on the motor, thus furnishing the motor the necessary current to carry it into the room. Shortly before the accident, the motor went up the left air course for the purpose of going into room No. 22. There being no trolley wire in that room, it was necessary for Laws, the coupler, to attach the cable to the wire in the air course. This he did, and the motor proceeded into the room. While standing in the air course, near where the truck left the air course and turned into room No. 22, and awaiting the return of the motor, a large piece of slate fell from the roof and injured him so severely that he died a few weeks later.

It is first insisted that the evidence for plaintiff merely showed that there was loose slate at various

places in the mine and was not sufficient to show that there was loose slate at the place of the accident, or that defendant knew of the dangerous condition at the place of the accident, or could have known of it by the exercise of ordinary care, in time to have prevented the accident. While it may be true that all the evidence bearing on the question of loose slate was not confined to the place of the accident, yet it cannot be doubted that there was sufficient evidence of the condition of the roof at that place to make the question of defendant's negligence one for the jury. Thus it was shown that in order to make the top of the air course over the main track high enough for the motor to go under, the company had caused a trench to be shot in the roof of the mine about a foot deep, thus leaving slate extending from the rib of the coal on either side of the air course to a point just short of the main track, and presenting an abrupt break at the trench. There was further proof that, under these circumstances, the defendant should either have cross-timbered the roof at that point or should have taken down the loose slate, and that its foreman was so advised. These facts, coupled with the additional fact that the slate at that point actually fell, was sufficient to show that the defendant knew, or could have known with the exercise of ordinary care, of the defective condition of the roof in time to take such steps as were reasonably necessary to avoid the accident.

It is next insisted that the evidence given by the Assistant State Mining Inspector was irrelevant and should have been excluded. On motion of the defendant practically all of the evidence of this witness was excluded from the jury, except the statement that the air course was too wide and the roof was not safe unless properly cross-timbered, and that he advised the foreman of this fact before the accident and that the foreman, after the accident, notified him that he was unable to timber at the place of the accident because there was so much timbering to be done. There was no error, we think, in the admission of this evidence, because it showed not only the defective condition of the air course, but that this condition was brought home to the defendant.

Another error relied on is the giving of an instruction, authorizing a finding of punitive damages. It ap-

pears, however, that the instruction complained of authorized a finding of both compensatory and punitive damages and directed the jury to state in its verdict whether the damages allowed were compensatory or punitive or both, and if both, the amount of each. The verdict of the jury is as follows:

"We of the jury agree and find for the plaintiff a compensatory verdict in the sum of ($5,500.00) fifty-five hundred dollars."

From these circumstances it is clear that there was no finding of punitive damages, and the error, if any, in authorizing such damages was not prejudicial.

The only error in the instructions relied on is the refusal of the trial court to give an instruction on assumed risk. It is well settled that a servant does not assume the risk arising from his master's negligence unless he knew of the defective condition and appreciated the consequent danger, or the defective condition and the consequent danger were so obvious that an ordinarily prudent person, in his situation, would have observed the one and appreciated the other. C. & O. Ry. Co. v. DeAtley, 159 Ky. 687, 167 S. W. 933, Seaboard Air Line Ry. v. Horton, 233, U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1 Ann. Cas. 1915B 475; Consolidation Coal Co. v. Moore, 166 Ky. 48, 178 S. W. 1136; Stearns Coal & Lumber Co. v. Calhoun, 166 Ky. 607, 179 S. W. 590. Here the accident occurred in that portion of the mine where the defendant was under the duty to use ordinary care to furnish plaintiff a reasonably safe place to work. Plaintiff was not charged with the duty of inspection and there is no evidence in the record from which it could be inferred either that he knew of the defective condition of the roof and appreciated the consequent danger, or that its defective condition and the consequent danger were so obvious that an ordinarily prudent person in his situation would have observed the one and appreciated the other. It follows that there was no error in refusing the instruction on assumed risk.

At the time of his death, Laws was twenty years of age, had an expectancy of 34.22 years and was making about $2,25 per day. Under these conditions, a verdict for $5,500.00 was not excessive, even though it be conceded that he spent his money freely and occasionally drank to excess.

Judgment affirmed.