## Louisville & Nashville Railroad Co. v. Durbin.

(Decided November 21, 1919.)

Appeal from Lee Circuit Court.

Trial—Evidence—Instructions—Applicability to Issue.—Where all the pleadings making a particular issue were either rejected or stricken from the record, it was error to hear evidence or to instruct on such issue.

BENJAMIN D. WARFIELD, SAM HURST and G. W. GOURLEY for appellant.

THEODORE B. BLAKEY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Granting the appeal and reversing.

This is the second appeal of this case. The opinion on the former appeal may be found in 178 Ky. 363, 198 S. W. 908. The suit was brought by Durbin to recover damages for the failure of the railroad company to maintain cattle guards in proper condition. The first trial resulted in a verdict and judgment for plaintiff in the sum of $225.00. The judgment was reversed because of the error of the court in refusing to direct a verdict in favor of the defendant. On the second trial plaintiff recovered

a verdict and judgment for $250.00. The railroad company prays an appeal.

On the first trial the defendant answered and defended on the ground that Benjamin T. Goe, a remote vendor of Durbin, sold the right of way to the Richmond, Nicholasville, Irvine & Beattyville Railroad Company, the vendor of defendant, under a covenant running with the land whereby Goe agreed to erect and maintain all the necessary fencing on the land and the grantee agreed to make proper crossings and cow gaps. In view of the fact that Durbin had failed to comply with the covenant to erect the necessary fencing, this court held that the defendant was under no duty to maintain the cattle guards, since the construction and maintenance of fences and cattle guards go together, and if there is no parallel fencing there need be no cattle guard.

On the return of the case plaintiff filed a reply, pleading in substance that he had pending against the defendant a suit for damages for injury to his land caused in various ways, and that in compromise of that suit the defendant paid him $200.00 in damages and agreed to maintain the cattle guard in good condition. On motion of defendant this pleading was stricken from the record. Plaintiff then tendered an amended petition, pleading substantially the same facts, but the court refused to permit the amendment to be filed. Plaintiff then tendered and had filed an amended reply, alleging that "subsequent to the making of the debts for right of way and fencing referred to in the amended answer, the defendant put two cattle guards, one at his west property line, and one at his east property line, and agreed to maintain said cattle guards in good order and failed to do so, whereby his crops, etc., were destroyed as set out in the petition." On motion of the defendant, the words, "and agreed to maintain said cattle guards in good order and failed to do so," were stricken from the amended reply. Notwithstanding the foregoing rulings of the court, plaintiff was permitted over the objection of the defendant to prove that he had an agreement with the defendant whereby the defendant agreed to maintain the cattle guards in good condition. Not only so, but the court instructed the jury in substance that if subsequent to the date of the deeds read in evidence by the defendant, the defendant constructed the cattle guard referred

to in the petition and agreed with plaintiff to maintain said cattle guard in good repair, and suffered and permitted said cattle guard to become covered with stone, screenings and dirt, so that cattle passed over said cattle guard and injured and destroyed plaintiff's corn and grass and injured his land by walking over same, they should find for the plaintiff such sum in damages as they believed from the evidence he had sustained, not exceeding $500.00, but that unless they so believed, they should find for the defendant. Since the various pleadings making the issue, that subsequent to the execution of the deeds referred to in the evidence the defendant agreed with plaintiff to maintain the cattle guard in good condition, were either rejected or stricken from the record, it was error to hear evidence or to instruct on such issue. On the return of the case plaintiff may amend his pleadings if he desires.

Wherefore, the appeal is granted and the judgment reversed and cause remanded for proceedings not inconsistent with this opinion .