## Chesapeake & Ohio Railway Co. v. Blackburn.

(Decided June 11, 1920.)

### Appeal from Floyd Circuit Court.

1. Damages—Railroads—Fires—Excessive Damages.—In an action against a railroad company to recover damages for injury to property by fire, evidence examined and a verdict for $700.00 held excessive.

2. Damages—Railroads—Injury to Property by Fire—Instructions.— Where in an action for injury to property by fire the damages are. itemized, and the amount of each item is fixed in the petition, the

instruction should limit the recovery on each item to the amount claimed.

WORTHINGTON, COCHRAN, BROWNING & REEL' and KIRK & KIRK for appellant.

A. J. MAY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Rufus Blackburn, who owned a tract of land in Floyd county, adjoining the right of way of the Chesapeake & Ohio Railroad Company, brought suit against the company to recover damages for injury to his property caused by fire. The acts of negligence relied on were defective spark arresters, negligent operation and permitting combustible material to accumulate on the right of way. In his petition the damages were itemized as follows: Injury to timber, $720.00; burning about 200 panels of rails, $100.00; burning 25 panels of partnership fence, $12.50; burning and injuring 500 yards of wire fence, $50.00. The company filed an answer denying the allegations of the petition. A trial before a jury resulted in a verdict and judgment for plaintiff for $700.00. The company appeals.

The first contention of the company is that the verdict is excessive. Plaintiff testified that he owned 90 acres of young timber, consisting of black oak, white oak, chestnut, yellow locust, beech and hickory. A large amount of the timber was completely destroyed, while a considerable portion of it was burned enough to kill it. After stating that he has handled timber for a number of years and was familiar with the value and price of growing timber in that community, and that he was well enough acquainted with the timber in question to state what it was worth per acre and how much of it had been injured, he was asked the following question: "What, in your opinion, Mr. Blackburn, was the reasonable amount of injury to the property per acre, to the timber that was growing there, that was burned, destroyed or injured?" An objection was sustained to this question. Two other witnesses were also asked to state the extent of the damage to the timber, but a similar objection was sustained to their testimony. The result was that no witness gave the value of the timber before and after the fire, or stated any facts from which the jury could find the extent of

the damage. True, there was evidence by plaintiff tending to show that the reasonable cost of replacing the 200 panels of rail fence was $500.00, yet plaintiff fixed his damages on this item at $100.00, and the entire damage to the fencing at $162.50. On the item of fencing, therefore, his recovery was limited to that amount of damages asked, or $162.50, and there being no satisfactory evidence tending to show the extent of the damage to the timber, it is clear that the verdict for $700.00 is excessive. C. & O. Railroad Co. v. Coleman, 184 Ky. 9, 210 S. W. 947.

Another contention is that the recovery on each item of damage should have been limited by the instruction. The point is well taken. Since there was evidence tending to show that the damage to the fencing was largely in excess of the amount claimed in the petition, the jury had the right under the given instruction to exceed that amount, and it is altogether probable that they did so. Clearly, where the damages are itemized, and the amount of each item is fixed in the petition, the instruction should limit the recovery on each item to the amount claimed.

Judgment reversed and cause remanded for a new trial consistent with this opinion.