## Chesapeake & Ohio Railway Company v. Friend.

(Decided February 5, 1929.)

BROWNING & REED and KIRK, KIRK & WELLS for appellant.

J. L. HARRINGTON and F. P. BLAIR for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This case is before us on motion for an appeal from a judgment in favor of appellee for $400.

Appellee owns about an acre of land near West Van Lear, in Johnson county. Located thereon are two small dwelling houses and a store building. Immediately north of the property is a county road. North of the county road is appellant's right of way. East of appellee's property is a small creek which runs over the county road and through a culvert underneath appellant's tracks. In the fall of 1926, and the winter and spring of 1927, appellee's property was flooded. Charging that this condition was due to the negligent construction and maintenance of the culvert, appellee brought this suit to recover the consequent damages to his premises.

It is conceded that the evidence of negligent construction and maintenance was sufficient to make a case for the jury. The only ground on which a reversal is asked is that the evidence of damage was not sufficient to sustain the verdict. The only evidence on this phase of the case is that of appellee. He says that during the winter of 1926 the water stood under his house almost all winter. The water had been almost into the floor of each house. It was all over the lot last spring. He had a chicken lot in the upper corner of his lot. In the month of May, the water was all over that lot and drowned some

of his chickens. In 1926 the water stayed up all during the winter. Since the fall of 1926 the water had remained all over the lot. There was backwater mud all over his property, and it was damp and filthy and had ruined his garden. His house was damp inside, and he had to lower the porch on the upper house because the water softened it and let the foundation down, and the chimney in it had sunk down. When the water gets under the floor it causes the house to settle and the windows are all drawn down and none of them fit up. Appellee did not give the size of the garden or the value of the vegetables destroyed. He did not undertake to say what it would cost to restore the premises after the flood. Neither he nor any other witness attempted to fix the diminution in value of use of the premises due to the overflow, or even to describe the inconvenience and discomfort incident thereto. We find all that the evidence shows is that the lot was overflowed, that there was backwater mud over it, that the garden was ruined, that he had to lower the porch of the upper house, and that the chimney had sunk down. In the absence of more specific evidence, all that the jury could do was to guess as to the amount of damages. It is at once apparent that the evidence is too vague and uncertain to sustain a verdict of $400. Chesapeake & Ohio Railway Co. v. Blackburn, 188 Ky. 456, 222 S. W. 99.

Wherefore, the appeal is granted, and judgment reversed and cause remanded for a new trial consistent with this opinion.