## Black Mountain Corporation v. Webb.

(Decided March 5, 1929.)

282

LEE & SNYDER for appellant.

J. C. BAKER and G. C. RAWLINGS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellee, H. G. Webb, previous to the date of the accident about which he complains in this suit, had been an employe of appellant, but he had ceased to labor for it several months prior to the date of the accident. According to his testimony and the testimony of his witnesses, he received word from a foreman or assistant foreman working at the mines of appellant asking that he come to see him. Finally he went. He did not obtain any permission from the office outside to go within the mine. There were "no trespassing" signs posted up about the entrance to the mine. Appellee, in company with another young man who had fallen in with him, went within the mine and back to the place where the foreman who had sent for him had his office. He had a talk with the foreman, and was instructed to go to a certain entry and examine a particular room and report whether he would go to work at that room. Appellee went to the place and found conditions satisfactory, and returned and so reported to the foreman, who directed him to report for work the next morning. While he was standing near the office of the foreman, a string of cars drawn by a motor passed by him on its way out of the mine. Back of it was a separate motor that was to be taken outside of the mine, and when it was ready to start the motorman was directed by the foreman to take the appellee out. The appellee climbed onto the motor and lay down between two other men who were also riding out of the mine. The motor on which he was riding was not well lighted, and there was considerable dust, making it impossible to see more than a few feet in front of it. While the motor was following the string of cars, a number of the cars broke loose and ran back onto the motor, causing a collision, which threw appellee under the motor and severely injured his leg.

The evidence establishes that the leg was permanently injured, and that appellee suffered greatly as a result of the injury. The evidence offered by appellant

was to the effect that no one was allowed in the mine without his first obtaining permission to enter from the superintendent in charge, whose office was located outside of the mine; that no such permission was obtained or asked for by appellee; that appellee became a trespasser when he entered the mine; that the foreman had not sent for him and had no conversation with him and did not direct him to get on the motor on which he was riding at the time of his injury. There was a sharp conflict in the evidence, but the facts as disclosed by appellee and his witnesses were sufficient to take the case to the jury and uphold the verdict.

No complaint is made by appellant about the amount of the verdict, and there is no serious complaint made about the sufficiency of the evidence. It is contended, however, that appellee based his cause of action, as set out in his original petition, upon the idea that appellee was an invitee in the mine at the time he received his injury, and that thereafter, by an amended petition, he abandoned the claim that he was an invitee and based his action upon the idea that he was an employee. It is urged that the evidence tending to show that appellee was an invitee was without pleading to support it after the petition was amended. We do not find weight in this contention. It is true the original petition alleged that appellee went into the mine upon the invitation of appellant, and it is also true that it is alleged he so entered the mine for the purpose of obtaining work, while it is alleged in the amended petition that he had obtained employment on his trip into the mine before he climbed on the motor to ride to the entrance. There is nothing withdrawn by the amended petition. It does little more than to elaborate the original cause of action. It cannot be said, therefore, that appellee abandoned his reliance on the allegations in his original petition that he was an invitee. The trial court instructed the jury on the theory that appellee was an invitee, and that is the chief complaint made by appellant on this appeal.

It is urged that the trial court submitted the case to the jury on an instruction not authorized by the pleadings. It is true that it is error for the trial court to submit to the jury an issue not made in the pleadings. Consolidation Coal Co. v. Moore, 166 Ky. 48, 178 S. W. 1136; American Railway Express Co. v. Hicks, et al., 198 Ky. 549, 249 S. W. 342. The instructions in a civil case must be confined to the issue made by the pleadings, but no

issue made by the pleadings should be submitted to a jury unless there is evidence to support it. We have concluded that the issue as to whether or not appellee was an invitee was made by the pleadings and the proof, and the court therefore did not err in submitting that issue to the jury.

Appellant relies on the case of Laxton v. Wisconsin Steel Co., 179 Ky. 652, 201 S. W. 15, L. R. A. 1918D, 249. That was a case where the plaintiff, without invitation, got on a funeral car at the cemetery which had been taken there for the accommodation of a certain group of employes. He returned to his destination on the funeral car, and in alighting therefrom the plaintiff fell and was injured. It was held in that case that the plaintiff was either an invitee or a licensee, and that, occupying that status, he could not maintain an action unless the owner of the funeral car had been guilty of some positive act of negligence that caused the injury complained of. Appellant also relies on the case of Indian Refining Co. v. Mobley, 134 Ky. 822, 121 S. W. 657, 24 L. R. A. (N. S.) 497. The facts were similar to the facts in the Laxton case, and the court held that there could be no recovery.

These cases would be in point if it was not made to appear from the evidence that the foreman, or face boss as he was called, directed appellee to get on the motor which he knew was following the string of cars out of the mine. It is shown that it was against the rules of the company for persons to ride on the motor, and this rule was well known to the foreman who directed appellee to thus proceed out of the mine. The foreman denies that he gave any such instruction, but he is contradicted, and the question was submitted to the jury.

Appellant also insists that the doctrine of res ipsa loquitur cannot be made to apply in this case and it is not shown that negligence caused the thirty-six loaded cars to become detached from the tram motor and run back and onto the motor on which appellee was riding. Appellee had nothing whatever to do with the string of cars in front. They were absolutely under the control of appellant's agents and servants. The motor on which he was riding was poorly lighted and did not enable the motorman to see far ahead. There was enough evidence to submit the case to the jury on the issue of negligence. When one invites or induces another to come upon his premises whether for business or other purposes, he owes such another the duty of being reasonably certain that he

is not inviting him into danger and must exercise ordinary care and prudence to render the premises reasonably safe. Leonard v. Enterprise Realty Co., 187 Ky. 578, 219 S. W. 1066, 10 A. L. R. 238. In the case of Snyder v. Arnold, 122 Ky. 557, 92 S. W. 289, 28 Ky. Law Rep. 1250, it was said that the weight of authority was against holding a defendant liable for all the consequences of his wrongful acts when they are such as no human being with the fullest knowledge of the circumstances would have considered likely to occur, and that a person should not be held responsible for remote negligence when the probable consequences could not be reasonably foreseen by a person of ordinary prudence. It was also held in the case of Gosney v. Louisville & Nashville R. Co., 169 Ky. 323, 183 S. W. 538, L. R. A. 1916E, 458, that the company was not liable for remote negligence. There are many other cases to the same effect.

But we do not have any difficulty in distinguishing this case from the principle announced in such cases. If the foreman directed the appellee to ride on a poorly lighted motor and follow out of the mine a string of cars, when he knew it was against the rules of the company, it cannot be said that the negligence was remote.

Complaint is made of the instructions of the court in addition to the complaint that they submitted an issue not justified by the pleadings. It is said that the instruction submitting the issue of negligence assumed that the foreman invited appellee into the mine. The instruction is not susceptible of that construction. It clearly left it to the jury to determine whether the foreman invited appellee into the mine.

It is also stated that the court should not have submitted to the jury the question as to whether the cars broke loose as the result of negligence on the part of the company in charge of the cars. The fact that the cars broke loose when the agents and servants of appellant were in charge of the cars, coupled with the surrounding physical conditions and the further fact that the motor on which appellee was riding was not properly lighted, was sufficient to authorize the court to submit to the jury the question of negligence on that point. The instructions fully covered the issues raised by the pleadings and proof, and these issues were fairly submitted to the jury.

It is insisted by appellant that the evidence that Ben Stringer, the foreman, had requested appellee to come to the mine, was incompetent. When this evidence is

boiled down to its last analysis, it shows that the foreman told a brother-in-law of appellee to tell him to come to the mine. The brother-in-law stated that he received such a message from the foreman and that he conveyed it to appellee and appellee testified that the information was conveyed to him by his brother-in-law. This was competent evidence. It is true there was some evidence about the sister of appellee writing him a letter conveying the information to him, but this is a trivial complaint which could not have had any influence on the minds of the jury.

We perceive no error which would justify the reversal of this case.

Judgment affirmed.