## New et al. v. Kinser.
(Decided June 23, 1936.)

PLEAS SANDERS for appellants.

B. M. VINCENT and R. H. CANNON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

By a contract dated February 1, 1933, A. G. New and May Avery Wilkins leased to Eugene Kinser, for a period of three years, 75 acres of land in Edmonson county for the purpose of stripping coal therefrom. Kinser agreed to commence stripping within 30 days from the date of the contract, to strip 100,000 bushels of coal within 12 months from that date, and to pay therefor a royalty of 1 cent per bushel. He also agreed not to damage any timber outside the path of the operations, and to pay every two weeks for all coal that went over the scales. He further agreed that in the event mining was not commenced within 30 days from the date of the contract he was to pay the first parties $50 to hold the lease, and a like amount each and every month until the mining was commenced, the payments to be deducted from the monthly royalties.

The lessors brought this action against Kinser to recover under the contract. By amended petition the items sought to be recovered were $100 for two months' failure to begin stripping; $500 for stopping operations after he had begun; $400 less a credit of $170 for 40,000 bushels of coal stripped; $600 damages for

failure to go ahead with contract and strip 100,000 bushels; and $500 for the timber injured; making in all $1,850 for which judgment was asked. Kinser filed an answer and counterclaim denying the allegations of the petition, and pleading that plaintiffs, their employees and agent interfered with the operation of the lease and made it impossible for the defendant to carry out his program, to his damage in the sum of $500, which was the reasonable profit he would have reaped had he been permitted to carry out the contract. He also asked $500 damages for expenses incurred in testing, developing, and preparing the lands for production, and $200 expenses incurred in moving his machinery on the lands and operating same. Afterwards Kinser filed an amended answer pleading in substance that plaintiffs and their agents fraudulently represented that the coal veins on the land were only 10 or 12 feet under the ground, and the overburden was not exceeding 13 feet in any place, whereas said overburden was as much as 30 feet and made it impossible to use a steam shovel or to mine said coal in a profitable manner.

On motion of plaintiffs defendant was required to elect between the counterclaim presented in his original answer and the counterclaim relied on in his amended answer, and he elected to withdraw his amended answer. Issues were then completed by a reply. The jury returned a verdict in favor of the defendant, "but allow no damage; but let each man pay his costs." Judgment was entered accordingly, and plaintiffs appeal.

The principal ground urged for reversal is that the court instructed on an issue not made by the pleadings: Instruction No. 1 is as follows:

"The court instructs the jury the plaintiff, New, and the defendant, Kinser, entered into a contract February 1st, 1933 in writing wherein Plaintiff leased to deft. for three years certain lands in Edmonson County for the purpose of mining coal therefrom. By the term of the contract defendant was to start stripping the overburden from said coal within 30 days from February 1st, 1933, and to raise 100,000 bushels of coal the first year and to pay plaintiff a royalty of 1c.

per bushel or $1000.00 and you will find for plaintiff New on this item $1000.00 credited by $180.00 paid by defendant, or a balance of $820.00, unless you believe from the evidence plaintiff through his agent falsely and fraudulently represented the overburden on said coal and defendant relied upon said alleged misrepresentation and was prevented by the overburden in excess of plaintiff's representation from mining 100,000 bushels in which event you will find for defendant on this item. Or if you believe from the evidence plaintiff violated and breached said contract by interfering with defendant and thereby prevented defendant from mining 100,000 bushels of coal, you will find for defendant on this item.''

It will be observed that the court authorized a finding for the defendant for misrepresentation as to the overburden on the land after that defense and counterclaim had been stricken from the record. Clearly, the defense and counterclaim that Kinser would have made a profit in the operation of the lease, had it not been for the interference of plaintiffs and their employees are inconsistent with the defense and counterclaim pleaded in the amended answer that the overburden was misrepresented by plaintiffs, and was such that no profit could have been made in the operation of the lease. It follows that the court did not err in requiring defendant to elect. It also follows that no instruction covering the defense and counterclaim contained in the amended answer, which had been stricken from the record, should have been given, it being the rule that only the issues raised by the pleadings should be submitted to the jury. Black Mountain Corporation v. Webb, 228 Ky. 281, 14 S. W. (2d) 1063. It also follows that all evidence bearing on the question of misrepresentation as to the overburden should have been excluded. Louisville & N. R. Co. v. Durbin, 185 Ky. 754, 215 S. W. 829; Denton v. Logan, 3 Metc. 434; Webb v. Webb, 200 Ky. 488, 255 S. W. 137.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.