**Henderson HAWKINS et al., Appellants,**

**v.**

**Gus O. WALLACE et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 4, 1964.

Stephens & Combs, Pikeville, for appellants.

Sanders & Redwine, Pikeville, for appellees.

MONTGOMERY, Judge.

Gus O. Wallace et al. recovered judgment against Henderson Hawkins et al. in the sum of $3,000 as damages suffered from

the operation and maintenance of a nuisance. A permanent injunction also was granted. On appeal it is urged that the claim is barred by the statute of limitations and the instructions were prejudicially erroneous.

Appellees sued on August 31, 1959. They complained of the dust from the operation of a coal-loading ramp and coal crusher by the appellants.

 The construction of the ramp and crusher was commenced in 1949. This structure from its size and nature is a permanent one. Louisville & N. R. Co. v. Laswell, 299 Ky. 799, 187 S.W.2d 732; City of Ashland v. Kittle, Ky., 305 S.W.2d 768. There is no allegation or proof of negligent operation. No question of improper construction is presented. The dust constitutes a permanent nuisance. Kentucky-Ohio Gas Co. v. Bowling, 264 Ky. 470, 95 S.W.2d 1.

The rule is stated in Kentucky West Virginia Gas Co. v. Matny, Ky., 279 S.W.2d 805, thus:

"* * * where damages are caused by a permanent structure properly constructed, and not negligently operated, a recovery must be had for the permanent nuisance once and for all, and the action must be brought within five years from the date such structure was completed and its operation commenced or from the date of the first injury, or from the date it became apparent there would be injuries resulting from the structure or its operation."

The construction of the structure was completed in 1950. Appellants leased the premises and started operations in 1952. Appellees claimed that they first suffered from the dust in 1953. They could not open their restaurant in late 1953 or early 1954 because of the dust. Under the Matny rule, appellees' cause of action was barred when they sued on August 31, 1959, by the five-year statute, KRS 413.120, under either of the alternatives presented.

No brief has been filed by appellees. The Court has consequently chosen to reverse the judgment since appellants' brief reasonably appears to sustain such action. RCA 1.260(c) (2). This view makes it unnecessary to discuss the question of the instructions.

Judgment reversed with direction to enter judgment for the appellants.