## Big Sandy & C. Ry. Co. et al. v. Thacker.

(Decided Oct. 29, 1937.)

O. T. HINTON for appellants.

E. J. PICKLESIMER for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Pike circuit court based on the verdict of a jury in the sum of $500 in favor of the appellee, Peggy Thacker, who was the plaintiff below, against the appellants, Big Sandy & Cumberland Railway Company and Norfolk & Western Railway Company.

For a number of years the appellant Big Sandy & Cumberland Railway Company operated a narrow-gauge railroad up Knox creek through Pike county, extending on into the state of Virginia. Appellant Norfolk & Western Railway Company acquired the rights of the Big Sandy & Cumberland Railway Company, and during the year 1929 or 1930, it built a standard-gauge railroad along Knox creek. The appellee owned a farm lying on both sides of Knox creek in Pike county, and appellants acquired a right of way for the construction of the railroad over her land and built a fill on the east side of the creek extending out into the stream. There is a quantity of bottom land running along the west side of the creek owned by appellee. It is claimed that the years immediately following the construction of the fill were exceptionally dry, but that in 1933 there was a considerable flood, and in that year and subsequently the fill has resulted in pushing the water from the creek over onto appellee's land, with the result that large portions of it have been washed away or destroyed for farming purposes. This suit was filed on November 1, 1935.

Appellants do not seriously dispute the damage to appellee's land nor the amount of the verdict. They argue, however, that the claim is barred by the 5-year statute of limitations (Ky. Stats. sec. 2515). It is asserted that the cause of action to recover for injuries resulting from a permanent structure accrues upon the completion of the structure, and that, since the fill here involved was completed in August, 1929, appellee's claim was barred at the time when this suit was filed in November, 1935. Appellee, on the other hand, argues that while it may be true that the cause of action accrues immediately upon the completion of a permanent struc-

ture which is of itself a trespass or nuisance, or which is claimed to have been negligently constructed, where, as here, it is not asserted that the structure has been improperly built or that it is not on appellants' right of way, the cause of action does not then accrue on the completion of the structure, but only when an injury occurs or when it becomes reasonably apparent that an injury may occur.

It is unnecessary here to consider all of the various situations that have been or may be presented, or to speculate on the true rule in each of such cases. This has been done time and again. For example, see Chesapeake & O. R. Co. v. Scott, 197 Ky. 636, 247 S. W. 735; Coleman v. Louisville & N. R. Co., 190 Ky. 17, 226 S. W. 360, and cases there cited. The burden was on the appellant to establish its plea of limitations, and it has failed to show that the injuries here complained of were such that they might reasonably have been anticipated at the time when the structure was completed. The mere physical layout, as evidenced by the blueprint maps filed in the record, gives us no assistance in this particular. "A party is not required to sue for damages to his land until it is reasonably apparent that he has suffered damages." Illinois Central R. Co. v. Haynes (Ky.) 122 S. W. 210, 211; Chesapeake & O. R. Co. v. Robbins, 154 Ky. 387, 157 S. W. 903. Whether the reason for the rule finds its basis in the fact that the cause of action is really one for the interruption of plaintiff's ordinary enjoyment of his land and until that ordinary enjoyment is interfered with he has no basis for complaint, or whether the rule has an empirical basis in the practical difficulty of showing problematical damages prior to their actual occurrence, it is certain that the rule exists. We cannot say from the record before us that the damages suffered by appellee were reasonably apparent at the time when the structure was completed. As a matter of fact, the jury found that the structure was not actually completed until after November 1, 1930; but we have ignored this finding in order to meet appellant on his own ground, first, because the evidence strongly indicates that the structure was actually completed prior to November 1, 1930; and, second, because, under the circumstances here presented, the actual date of completion does not seem to us to be controlling.

It is also claimed that the judgment should be re-

versed because of the misconduct of a juror who asked appellee's husband when he was on the stand: "Did the claim agent ever come and try to settle with you?" The court admonished the jury that this was not a proper question and should not be considered by the jury. Appellant moved that the jury be discharged because of this misconduct, although the bill of exceptions indicates that this motion was not made until after all the evidence was in and the court had refused to give a peremptory instruction in its favor. Its motion was overruled.

In its argument in this court appellant does not dispute the amount of damages or assert any other error except the claimed protection of the statute of limitations. Under these circumstances, it is difficult to see how appellant could have been seriously hurt by the conduct of the juror, even considering that it was error for the court to refuse to discharge the jury. It is only where we are convinced that an error is prejudicial to the substantial rights of a litigant that we are authorized to disturb a judgment. We are not convinced that the error here claimed was of this character.

Judgment affirmed.