## Kentucky & West Virginia Power Co., Inc., v. McIntosh.

June 2, 1939.

798

Willis W. Reeves, W. D. McKinney and Martin & Smith for appellant.

C. A. Noble and Jesse Morgan for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—
Reversing in part and affirming in part.

This is an appeal from a judgment of the Perry Circuit Court entered on the jury's verdict for $750 in favor of Mrs. Filmore McIntosh, the plaintiff below, against the Kentucky & West Virginia Power Company, the defendant below.

The defendant is a public service corporation and some thirty years ago it constructed a power plant on the south bank of the North Fork of the Kentucky River, on the outskirts of Hazard, from which it sells current to its customers in the surrounding territory. The plant is a large and expensive one, representing an investment of $3,500,000, and is operated by steam turbines. Such plants use great quantities of water in hot weather in cooling the turbines, and as the river on which defendant's plant is located did not furnish sufficient water for this purpose, the defendants in 1927 built a concrete dam across the river some little distance down the stream from its plant, thereby forming a pool six to ten feet deep which is referred to in the record as a "spray pond." There are two concrete piers constructed in the spray pond which are about five feet thick at the base, six to eight feet long, and extend about twenty-eight feet above the water and are two feet thick at the top. A large pipe runs over these piers and a system of small perforated pipe is attached thereto. There are two such contrivances constructed in this spray pond at a cost of $48,000. The water is pumped from this pond at the rate of 20,000 gallons a minute, runs around the turbines and then the heated water is brought back and is sprayed into the pond to cool it. Thus the same

water can be continuously pumped from the pond for cooling the turbines.

O. A. Fuller, in 1927, built a house costing $4,800 in the Woodland Park addition to Hazard. This house is across the river from defendant's plant and is located 149 feet from its spray system. In February 1934, the plaintiff bought this house for $2500, and on September 1, 1936, she instituted this suit. The petition alleges defendant maintains a nuisance by negligently operating defective spray machinery, and has damaged her property in the sum of $5000 by spraying steam and dirty water on her house, causing it and the furniture therein to remain damp and to "rot, scale and collapse." Defendant's answer traversed the allegation that its machinery is defective, or is negligently operated, or that it sprays plaintiff's premises. Following the traverse, defendant pleads affirmatively it is a public service corporation and its spray system is necessary in the operation of its plant and is properly constructed; that the plaintiff was fully aware of the location and manner of operation of this spray system when she bought the property which she claims has been damaged thereby; that the plaintiff is barred by the five year statute of limitation from prosecuting this action. In an amended petition plaintiff sets out the manner in which the spray system was erected, and in effect alleges it is a permanent structure, although she avers same can be moved and the nuisance thereby abated, and she asks for such relief. The issues were completed by plaintiff replying to defendant's answer, and by defendant answering her amended petition.

Plaintiff introduced no evidence that the spray system was defectively constructed or negligently operated. But she and her witnesses testified that water and steam from the spray system damaged her house inside and out; that this spray system could be moved a short distance and the nuisance thereby abated. At the conclusion of plaintiff's evidence defendant's motion for a peremptory instruction was overruled.

Defendant's evidence was to the effect that no water or steam was sprayed on this house up to the time plaintiff purchased same and that houses much nearer the system are not sprayed; that the system is necessary to the operation of its plant and is of proper construction and has not been negligently operated; that the system could not be moved without expending from

$20,000 to $60,000. After the completion of all the evidence defendant's motion for a peremptory instruction was again overruled. The trial resulted in a verdict for plaintiff for $750 and defendant is seeking to reverse the judgment entered thereon because: The verdict is excessive; the court erred in failing to give instructions offered by defendant, and in giving erroneous instructions; and erred in refusing to peremptorily instruct the jury to find for the defendant. Plaintiff prayed a cross-appeal in this court from the judgment of the lower court in refusing to abate the alleged nuisance. As we view the case, a peremptory instruction should have been given in favor of the defendant at the conclusion of all the evidence, therefore, we will not discuss the other errors assigned.

Defendant's motion for a peremptory instruction is based on the proposition that the evidence showed that the spray system is a permanent structure, properly constructed and there being no negligence in its operation, a single recovery must be had for the damages resulting therefrom; that the right of action accrued at the time the spray system was erected and put into operation in 1927, and under Section 2515, Kentucky Statutes, this action was barred when it was not instituted within five years from 1927. In Chesapeake & O. Railway Company v. Salyer, 272 Ky. 171, 113 S. W. (2d) 1152, this court went thoroughly into the question now before us and quoted from Louisville & Nashville Railway Company v. Bennett, 196 Ky. 679, 246 S. W. 121, laying down five rules of law and procedure to determine when there should be a recovery once for all, and when there may be recurring recoveries as the injuries recur in cases involving a nuisance or a trespass on property by reason of a structure constructed or maintained by defendant. Many authorities are collated in the Salyer case, and there is no reason for us to review them here. That case points out it is the settled law of this jurisdiction that where damages are caused by a permanent structure, properly constructed and not negligently operated, a recovery must be had once for all, and the action must be brought within five years from the date such structure was completed and its operations commenced, or from the date of the first injury, or from the date it became apparent there would be injuries resulting from the structure or its operation. This rule prevails in other jurisdictions. In Consumers'

Light and Power Company v. Holland, 118 Okl. 132, 247 P. 50, which is also a spray case, the Supreme Court of Oklahoma held the damages must be recovered in a single action, and successive actions therefor may not be maintained, and that the statute of limitations began to run from the time such structure began to operate.

It is argued by plaintiff she did not purchase this property until more than five years after the spray system was constructed and as the evidence shows the property was not damaged by this spray until after she bought it, the cause of action did not accrue until she purchased the property. The Salyer case quoted from Honaker v. Chesapeake & O. Railway Company, 209 Ky. 576, 273 S. W. 81, wherein it is written that one who purchases property with the knowledge that damages may result from a nearby permanent structure, such purchaser is not entitled to sue after the statute of limitations has run. In this instance Mrs. McIntosh admits she saw the spray system when she bought this property, but she attempts to be relieved from the rule announced in the Honaker case on the grounds the spray system was not operating in February when she bought her home, and she did not realize at that time it would spray her premises. Even so, Mrs. McIntosh, while bargaining for the house, saw this spray system, and she must have reasonably anticipated that the property she contemplated buying would be sprayed when the system was in operation. This fact being reasonably apparent to her, she cannot maintain this action after the statute of limitation has run. Big Sandy & C. Railway Company v. Thacker, 270 Ky. 404, 109 S. W. (2d) 820.

Under the uncontradicted facts shown in this record we conclude this spray system was a permanent structure, properly constructed and was operated without negligence; therefore, only one action could be brought to recover damages done by it to the property owned by the plaintiff, and that action accrued when the spray system was built and put in operation in 1927. Under Section 2515 Kentucky Statutes, plaintiff is barred from maintaining this action since it was not commenced within five years from the time it accrued. The trial court erred in not sustaining the defendant's motion for a peremptory instruction at the conclusion of all the evidence.

What we have said disposes of plaintiff's cross appeal, as the same statute of limitations which bars her

action to recover damages, also bars her action to abate the alleged nuisance.

The judgment is reversed on appeal and is affirmed on cross appeal.