KENTUCKY WEST VIRGINIA GAS COMPANY, Appellant,

v.

Ricey MATNY, Appellee.

KENTUCKY WEST VIRGINIA GAS COMPANY, Appellant,

v.

Vina DAVIS, Appellee.

KENTUCKY WEST VIRGINIA GAS COMPANY, Appellant,

v.

Mary NELSON, Appellee.

Court of Appeals of Kentucky.

May 20, 1955.

C. Kilmer Combs, Prestonsburg, John L. Smith, Catlettsburg, for appellant.

Hollie Conley, A. J. May, Prestonsburg, for appellee.

CLAY, Commissioner.

This is an appeal from four $1,000 judgments against the defendant, Kentucky West Virginia Gas Company, based upon alleged discomfort and annoyance caused by a nuisance.

Defendant constructed a plant and pumping station in 1941, for the purpose of gathering gas and compressing it into transmission lines for delivery to consumers. Eight engines were installed for operation of the pumping plant, and it was alleged and proved that the pumping station produced vibrations which caused the ground to tremble and the plaintiffs' homes nearby to shake and oscillate.

The petition alleged the plant was negligently and carelessly constructed and that its operation impaired the value of the use and occupancy of each of the plaintiffs' homes. In a second paragraph it was alleged that plaintiffs suffered serious and permanent impairment of health. It was also alleged that defendant could at a reasonable expense alter its plant and operation so as to eliminate the vibrations. The principal defense was the statute of limitations.

The trial court in its instructions limited the recovery to annoyance and discomfort sustained during the 12 months prior to the filing of suit.

The proof is overwhelming that the plant was constructed in a careful and prudent manner. No witnesses were produced to show that it was constructed negligently, nor was it proven that piling support would have eliminated the vibration, unless the plant was torn down and rebuilt at another site. Mention is made in the evidence of a synchronizing machine which could conceivably minimize the vibrations, but engineers stated that all the engines would have to be working at the same time in order for the force of one engine to counteract the other, and that it would be impractical to use in view of the varying number of engines operated throughout the year. This type of synchronizing machine was not in existence when this plant was constructed in 1941.

It is plainly evident that the nuisance complained of is a permanent one. The rule is well settled in this state that where damages are caused by a permanent structure properly constructed, and not negligently operated, a recovery must be had for the permanent nuisance once and

for all, and the action must be brought within five years from the date such structure was completed and its operation commenced or from the date of the first injury, or from the date it became apparent there would be injuries resulting from the structure or its operation.

Chesapeake & O. Ry. Co. v. Salyer, 272 Ky. 171, 113 S.W.2d 1152; Kentucky & West Virginia Power Co., Inc. v. McIntosh, 278 Ky. 797, 129 S.W.2d 522; Louisville & N. R. Co. v. Laswell, 299 Ky. 799, 187 S.W.2d 732.

In Kentucky-Ohio Gas Co. v. Bowling, 264 Ky. 470, 95 S.W.2d 1, it was held that annoyance and discomfort was an element of damages in measuring the diminution in the market value of the property affected and that a plaintiff could not recover separately for such annoyance and discomfort when property damages were sought. It is plaintiffs' contention that while a party may not recover both types of damages, he may recover for annoyance and discomfort independently if other damages are not sought or have not theretofore been recovered. We are cited to no Kentucky authority so adjudging.

Reference is made to Kentucky West Virginia Gas Co. v. Lafferty, 174 F.2d 848, 10 A.L.R.2d 661, wherein the Sixth Circuit Court of Appeals, in a suit involving the identical nuisance before us, intimated in its opinion that a separate suit for annoyance and discomfort might be maintained under Kentucky law. It does not appear that question was squarely presented in the case, and the possible remedies suggested in the opinion are not binding on us and appear to be in direct conflict with our cases above cited, which hold that there may be only one recovery and that

suit to enforce the claim must be brought within five years from the date the first injury occurs or it becomes apparent injuries will occur. The rule of course is different in the case of a temporary nuisance or where the structure creating the nuisance has been negligently erected, but that is not the case before us.

The underlying reason for limiting the right of recovery in the case of a permanent nuisance is that a complete and comprehensive injury is caused in the first instance, and the plaintiff would be splitting his cause of action if he could, every 12 months, bring a new suit for recurring personal injuries.

Even were we to assume that an independent suit for annoyance and discomfort could be brought in the first instance under circumstances here shown, such injuries were caused at the time of or soon after the completion of the plant and pumping station in 1941, and the one year statute of limitations, KRS 413.140, is a complete bar to this action commenced in 1952. Similarly the five year statute, KRS 413.120, barred plaintiffs' claim for injury to their real estate.

While we agree with the plaintiffs that they should have some remedy in a situation of this sort, the difficulty with their position is that they waited too long to assert their rights and the pleaded statutes of limitations barred their right of recovery. A directed verdict should have been given for defendant, and the court having failed to do so, it should have sustained defendant's motion for judgment notwithstanding the verdict.

The judgments are reversed with directions to enter one for the defendant.