**James C. CARR, Appellant,**

v.

**TEXAS EASTERN TRANSMISSION CORPORATION, Appellee.**

Court of Appeals of Kentucky.

March 17, 1961.

G. Murray Smith, Jr., Richmond, for appellant.

Thomas D. Shumate, Richmond, Boehl, Stopher, Graves & Deindoerfer, Joseph E.

Stopher, A. J. Deindoerfer, Louisville, for appellee.

STEWART, Judge.

This appeal is from an order dismissing the complaint of James C. Carr filed against Texas Eastern Transmission Corporation on the ground that the claim for damages set out in this pleading was barred by the statute of limitations.

On November 23, 1956, Texas Eastern Transmission Corporation, an interstate pipe-line company, entered into an easement agreement with the owners of the land on which appellant, James C. Carr, as a tenant, was grazing 161 head of cattle. Appellee, Carr, was also a party to the easement agreement, with the result that he stands on the same footing as the owners of the land in respect to any violation of its terms. The agreement recites, in part, that appellee " * * * will not damage any buildings or ponds or other property off the right-of-way easement."

On May 23, 1959, appellant filed his action seeking recovery under the quoted clause of the contract for damages in the sum of $2,500 allegedly caused to his cattle. He averred that appellee in constructing its pipe line in August of 1957 across the lands of his landlords "made weird and strange noises" that caused his cattle to run and stampede and to become scared and nervous so that they refused to eat and, as a result, they lost weight and quality.

The trial court dismissed the complaint on the ground that the action was barred by the statute of limitations, KRS 413.140(1) (b), which provides that any action for injury to livestock by a railroad or a corporation must be brought within one year.

On this appeal appellant contends that since this is a suit based upon the violation of a written contract and not a tort action, it is governed by the 15-year statute of limitations. See KRS 413.090(2). We believe the lower court correctly resolved the limitations question presented.

In Columbus Mining Co. v. Walker, Ky., 271 S.W.2d 276, 277, this Court adopted and approved the following quotation from 34 Am.Jur., Limitation of Actions, sec. 103, p. 84:

" ' * * * it is generally held that where a statute limits the time in which an action for "injuries to the person" may be brought, the statute is applicable to all actions the real purpose of which is to recover for an injury to the person, whether based upon contract or tort, in preference to a general statute limiting the time for bringing actions ex contractu.' "

The rule, therefore, is that it is the *object* rather than the *form* of the action which controls in determining the limitation period. The form in the case at bar may derive indirectly from a contract but the object of the action is to recover for alleged injuries (speculative and remote, though they may be) to cattle.

Still, the contract under consideration cannot be said to be an agreement specifically about cattle, even though appellee undertook to compensate for all damage that might occur to any property located off the easement by reason of the construction of the pipe line. It would seem that, if appellant's cattle sustained injuries under the circumstances mentioned, he would be placed in the same position, in seeking a recovery, as that of any person whose livestock was killed or maimed at any place by the negligent act of one of appellee's workmen. His action would simply be one based upon a tort.

Appellant relies upon Richardson v. Louisville & N. R. Co., 129 Ky. 449, 111 S.W. 343, 112 S.W. 582; Burnside & C. R. Ry. Co. v. Tupman, 72 S.W. 786, 24 Ky.Law Rep. 2052, and Illinois Central R. Co. v. Brown, 54 S.W. 169, 21 Ky.Law Rep. 1089, to sustain his position that the 15-year statute controls. The first and last of these cases involved shipments of hogs by rail and the second the transportation of a car-

load of mules. Some of the hogs were destroyed and some of the mules were injured while in transit. Damages were sought in each instance from the respective railroads. As each suit was filed more than one year from the date of the loss, the railroads relied upon the one-year statute of limitations mentioned above. This Court determined the 15-year statute of limitations applied.

We do not believe the holding in each of the foregoing three cases is controlling; on the other hand, we are of the opinion that the rule laid down in the Columbus Mining Co. case governs our disposition of the case at bar. We have in this jurisdiction a statute which limits the time for bringing an action against a corporation for a livestock loss to one year. The Columbus Mining Co. case in effect decided that such a specific statute is applicable to all actions whose real purpose is to recover for an injury to cattle, whether based upon contract or tort, in preference to a general statute limiting the time for bringing actions ex contractu.

 The complaint discloses the acts complained of occurred in August of 1957, but an action was not filed until May 23, 1959. The claim was barred for the reason that more than one year had elapsed before suit was commenced. The motion to dismiss the complaint was properly sustained. An affirmative defense to a claim may be taken advantage of by a motion to dismiss if, as was the case here, the defense is shown on the face of the complaint. See Clay, CR 8.03, comment 3. This is particularly true with respect to the defense of limitations. See Roush v. First National Bank & Trust Co., 310 Ky. 408, 220 S.W.2d 984.

 As a parting shot appellant advances the novel theory that KRS 413.140 (1) (b) is special legislation and should be held unconstitutional. It is argued the statutory provision is "special" because only railroads or other corporations, and no individuals, may take advantage of it. In 12 Am.Jur., Constitutional Law, sec. 513, p. 199, this statement appears: "For many purposes corporations may be put into one classification and individuals into another without violating constitutional guaranties of equality." If a statute classifies reasonably and operates upon all of a class equally, it is not repugnant to our Constitution. See Department of Welfare v. Fox, Ky., 240 S.W.2d 65. We conclude the statute is not violative of our Constitution.

Wherefore, the judgment is affirmed.