**LYNN MINING CO., Inc., et al., Appellants,**

**v.**

**Carl KELLY et al., Appellees.**

Court of Appeals of Kentucky.

March 5, 1965.

As Modified on Rehearing Oct. 8, 1965.

---

1. Counsel on this appeal did not conduct the examination in chief.

---

Logan E. Patterson, Patterson & Berger, Pineville, Willis W. Reeves, Reeves, Barret & Cooper, Hazard, for appellants.

Alva A. Hollon, Hazard, for appellees.

CLAY, Commissioner.

Several residents of Combs, Kentucky, appellees, brought this suit against defendant appellants to recover property damages allegedly caused by the negligent operation of appellants' coal tipple. The jury awarded the aggregate sum of $13,100. On this appeal appellants contend (1) the claims were barred by the statute of limitations, and (2) there was a failure of proof on the proper measure of damages.

It is conceded appellants' operation constituted a nuisance, resulting from the expulsion of excessive amounts of coal dust in the community. The nature of this nuisance is the controlling consideration in deciding both questions raised on this appeal.

■ The parties assume that the five year statute, KRS 413.120, is the governing one. It would, however, bar appellees' claims only if the condition created by appellants constituted a *permanent nuisance*. Kentucky West Virginia Gas Company v. Matny, Ky., 279 S.W.2d 805. If the facts established a *temporary nuisance*, this was a continuing trespass for which damages could be recovered for each recurring injury (subject to the limitation that damages could not be recovered for so much of the injury as occurred more than five years before the commencement of the action). West Ky. Coal Company v. Rudd, Ky., 328 S.W.2d 156.

The briefs indicate some confusion exists with respect to the basic question involved.[1] Appellants contend that since this was a permanent *structure,* the nuisance, if any, was a permanent one; whereas, appellees contend that this is a temporary *structure* because it was *negligently* operated. It is not the *nature of the structure* which is determinative of the issue but the *nature of the nuisance*.

■ It is true a temporary structure cannot be a permanent nuisance. On the other hand, a permanent structure may create a temporary nuisance. Madisonville, H. & E. R. Co. v. Graham, 147 Ky. 604, 144 S.W. 737; Curlin v. Ashby, Ky., 264 S.W.2d 671.

■ A permanent structure properly constructed and properly operated may con-

---

1. We must frankly admit that language used in some of our opinions has contributed to the confusion.

stitute a nuisance. Louisville Refining Company v. Mudd, Ky., 339 S.W.2d 181. If so, it would be a permanent nuisance, and "the action must be brought within five years from the date such structure was completed and its operations commenced, or from the date of the first injury, or from the date it became apparent there would be injuries resulting from the structure or its operation". Kentucky & West Virginia Power Co. v. McIntosh, 278 Ky. 797, 129 S.W.2d 522; Kentucky West Virginia Gas Company v. Matny, Ky., 279 S.W.2d 805. The quoted language is somewhat ambiguous because it suggests there are optional times when a cause of action accrues. In considering the statute of limitations, it is necessary that the time when the period begins to run be fixable with certainty. Perhaps this quotation should be modified by this preface: "Depending upon the kind and effect of the nuisance and the nature of the relief sought * * *." In any event, the cause of action would not accrue until the complaining party had suffered an injury (and a threat of injury may fall in this category). Norfolk and W. Ry. Co. v. Little, 274 Ky. 681, 120 S.W.2d 150; Associated Contr. Stone Co. v. Pewee Val. San. & Hosp., Ky., 376 S.W.2d 316.

■ A permanent structure may, however, constitute or create a temporary nuisance. We have said this occurs when the structure has been negligently constructed, or negligently operated. Madisonville, H. & E. R. Co. v. Graham, 147 Ky. 604, 144 S.W. 737; Strough v. Ideal Supplies Co., 300 Ky. 34, 187 S.W.2d 839. The injection of the concept of *negligence* into various aspects of the law of nuisance has caused endless and unnecessary difficulties. The time has come to remove it.

To begin with, negligence is not an essential element of the plaintiff's cause of action. Defendant's liability is not based on the failure to exercise due care, but arises from the unreasonableness of the use of his property in the light of the gravity of harm to the plaintiff. Louisville Refining Company v. Mudd, Ky., 339 S.W.2d 181; Associated Contr. Stone Co. v. Pewee Val. San. & Hosp., Ky., 376 S.W.2d 316.

■ For reasons difficult to understand, we have held it necessary to prove negligence in *blasting* cases where the damage was caused by concussions or vibrations as opposed to the casting of physical objects on the plaintiff's land. See Aldridge-Poage, Inc. v. Parks, Ky., 297 S.W.2d 632; Marlowe Construction Company v. Jacobs, Ky., 302 S.W.2d 612; and cases cited therein. The soundness of this theory was questioned in both of those opinions and it was repudiated in the two cases cited in the preceding paragraph. In the latter it was recognized that an invasion of another's right to the use and enjoyment of his property constitutes a trespass and the exercise of due care is not a defense. The present Kentucky law is that a plaintiff, claiming to have been injured by the creation or maintenance of a nuisance, may be entitled to relief without allegation or proof of negligence on the part of the defendant. The Parks and Jacobs cases, just above cited, and those of similar import, are expressly overruled to the extent they adopted a contrary rule.

■ The immediate problem before us may likewise best be solved without resorting to the "negligence" terminology. If a structure, even though permanent, can be changed, repaired or remedied at reasonable expense to abate the nuisance, then the condition is temporary. City of Ashland v. Kittle, Ky., 305 S.W.2d 768; Fergerson v. Utilities Elkhorn Coal Co., Ky., 313 S.W.2d 395. Whether the structure was negligently constructed is utterly irrelevant. The same may be said with respect to the method of operation of the structure. If such method can be altered at reasonable expense so as to eliminate the offending condition, it is likewise a temporary one regardless of negligence.

There is an explanation for the reference to "negligence" in our opinions on this

point. It was apparently assumed that if a nuisance was traceable to negligence in construction or operation, the condition could be corrected or eliminated at minimal or no cost at all, and therefore was temporary. Without deciding if this assumption is valid, the real issue does not involve the existence or nonexistence of negligence as such. It involves simply *the reasonable remediability of the condition.*

■ To recapitulate, in determining whether a nuisance is permanent or temporary, the question is not whether the defendant failed to exercise due care in the construction, maintenance or operation of a structure. It is whether the cause of the nuisance results from some improper installation or method of operation *which can be remedied at reasonable expense.* If so, the nuisance is a temporary one and a plaintiff's claim is not barred by the statute of limitations.

Appellants' coal tipple was erected in 1951. In 1952 certain dust suppression equipment (costing $10,000 to $15,000) was installed. The plant was a permanent structure. If the nuisance created by it was a permanent one (dating from 1952), appellees' claims were barred. If it was a temporary one which caused recurring injuries, appellees could file suit at any time (with their recovery being limited to damages caused within five years preceding the date of suit). Fergerson v. Utilities Elkhorn Coal Co., Ky., 313 S.W.2d 395.

■ There was evidence that an excessive amount of coal dust was cast into the atmosphere from appellants' plant. There was testimony of appellants' own witness tending to prove the dust suppression equipment was not adequate to handle appellants' coal loading operations. There was evidence that an improper method of operation impaired the efficiency of the dust collector. The proof was of sufficient substance to support a finding that appellants installed inadequate equipment and/or its agents improperly operated it. There was no evidence that this condition could not be remedied by reasonable measures at reasonable expense. The jury finding that appellants were negligent in the operation of their plant effectively determined that this could be done, and consequently the nuisance was a temporary one.

In view of the nature of the jury's finding, we believe it will be clarifying to comment on the method by which this lawsuit was practiced. The plaintiffs' complaint alleged negligence. The parties tried the case as if that was a real issue on the question of liability. The instructions likewise submitted the case on this theory.

■ As we have heretofore pointed out, the question of *negligence* was not a proper issue in the case for any purpose. The real issues (other than the amount of damages) were (1) whether appellants so maintained or operated their coal tipple that plaintiffs' properties were unreasonably subjected to substantial damage, and (2) if so, whether the nuisance so created was a temporary or a permanent one. The last question became an issue in the case (although it had a bearing on the measure of damages) only because appellants pleaded the statute of limitations. This was an affirmative defense and the burden was on them to prove that the nuisance, if any, was permanent and plaintiffs' claims were therefore barred. CR 8.03. City of Covington v. McKinney, 263 Ky. 131, 92 S.W.2d 1.

■ Where the pertinent facts are not in dispute, the validity of the defense of the statute of limitations can and should be determined by the court as a matter of law. Carr v. Texas Eastern Transmission Corporation, Ky., 344 S.W.2d 619. Where, however, there is a factual issue upon which the application of the statute depends, it is proper to submit the question to the jury. 34 Am.Jur., Limitations of Actions, section 455 (page 357). It could best be done by having the jury render a special verdict under CR 49.01. The issue would be whether the condition causing the injury could be

remedied at reasonable expense. City of Covington v. McKinney, 263 Ky. 131, 92 S.W.2d 1. Though the question was not so submitted in this case, appellants do not question the instructions on this point and the principal instruction was more favorable to them than necessary. Actually there was no evidence of substance that the nuisance established by the evidence was a permanent one and, consequently, the trial court could have found as a matter of law that plaintiffs' claims were not barred by the statute of limitations.

Appellants' final contention is that there was a failure of proof of damages properly allowable on claims of this sort. Appellees' evidence was directed to the difference in the market value of their respective properties before and after the injuries complained of.

 Here again we find a failure to observe the distinction between a temporary and a permanent nuisance. As our cases consistently point out, the measure of damages is different. City of Hazard v. Eversole, 280 Ky. 621, 133 S.W.2d 906; Brumley v. Mary Gail Coal Co., Ky., 246 S.W.2d 148. When we have a temporary nuisance, as here, the measure is not the difference in market value but the diminution in the value of the use of the property during the continuation of the nuisance. This is carefully explained in Adams Construction Company v. Bentley, Ky., 335 S.W.2d 912.

In order to avoid the statute of limitations it was necessary for appellees to establish a temporary nuisance, as opposed to a permanent one, and this we have held they did. Their proof on damages should therefore have been directed to the proper measure in such cases. Their evidence on this issue, however, related to the difference in market values of the properties involved before and after they were injured or damaged. This was not the proper measure and appellants consistently questioned it on their motions for a directed verdict and objections to the instructions.

We are forced to the conclusion that because appellees failed to prove damages recoverable by reason of the existence of a temporary nuisance, the trial court should have directed a verdict for appellants, and not having done so, their motion for judgment notwithstanding the verdict should have been sustained.

The judgment is reversed with directions to enter judgment for appellants.