Thomas W. HUFFMAN, et al.,
Plaintiffs–Appellants,

v.

UNITED STATES of America; United States Postal Service, Defendants–Appellees.

No. 95–5234.

United States Court of Appeals,
Sixth Circuit.

Argued April 9, 1996.

Decided May 3, 1996.

Michael P. DeBourbon (argued and briefed), Pruitt & DeBourbon, Pikeville, KY, for Thomas W. Huffman, Deborah Huffman.

Thomas Lee Gentry, Asst. U.S. Atty., Office of the U.S. Attorney, Lexington, KY, Lori J. Dym (argued and briefed), U.S. Postal Service, Law Dept., Washington, DC, for U.S., U.S. Postal Service.

Before: KENNEDY and COLE, Circuit Judges; COHN, District Judge.*

KENNEDY, *Circuit Judge.*

Plaintiffs appeal from an order granting summary judgment to the United States in their suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, claiming that noise emitting from a United States Post Office constitutes a nuisance under Kentucky law. The District Court held that plaintiffs' claim was barred by the FTCA statute of limitations. For the following reasons, we REVERSE.

**I.**

The Landmark Inn and the Pikeville Post Office stand next to each other on North Mayo Trail, in Pikeville, Kentucky. The post office was built in 1960, when the Inn was already in existence. Some years later, an addition to the Inn was built. The addition runs immediately behind the post office and faces an area of the post office used as a loading zone, where mail is received and delivered.

In 1984, plaintiffs Thomas and Deborah Huffman purchased the Landmark Inn. According to the affidavit of Thomas Huffman, occasional annoying noise began coming from the loading zone of the post office in the summer of 1985. As a result of the noise, which occurred during the early morning hours, guests at the Inn were apparently unable to sleep and complained to plaintiffs. In response, Mr. Huffman spoke with officials at the post office and secured assurances that efforts would be made to abate the noise. According to plaintiffs, these efforts were successful and the problematic noise ceased for a period of time.

However, the annoying noise returned, and the process of complaint-and-abatement discussed above continued for nearly seven years. Plaintiffs allege that in early 1992, the noise became continuous and more intense, and efforts to reduce it ceased.[1] Further, post office officials allegedly began ignoring plaintiffs' subsequent complaints.

As a result, plaintiffs initiated this nuisance suit against the United States under the FTCA, 28 U.S.C. § 2674, for damage to their business. The United States filed a motion for summary judgment arguing, in part, that plaintiffs failed to bring the claim within the FTCA's two-year statute of limitations, 28 U.S.C. § 2401(b). The District Court granted the motion, reasoning that the statute of limitations began to run in 1985, when plaintiffs first complained about the noise, and expired well before the 1992 filing of the administrative prerequisite to the instant lawsuit. Finding no factual dispute, and no reason to equitably toll the statute, the District Court entered summary judg-

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Plaintiffs allege that the noise is "unreasonably loud" and is a result of the entry, loading and unloading and exit of tractor-trailers, tossing of bags of mail onto a metal lift conveyor and into metal carts, loud and boisterous voices of postal workers, and banging of poorly maintained equipment.

ment on behalf of the United States. Plaintiffs now appeal.

## II.

■ Plaintiffs argue that their 1992 complaint is not time barred because it states a cause of action for temporary nuisance which, under Kentucky law, is presently actionable.

The United States, however, argues that noise resulting from Pikeville postal operations constitutes a permanent nuisance, that the cause of action for this nuisance accrued in 1985, and that the two-year statute of limitations has thus expired.

Because there exist genuine issues of material fact as to whether the noise emitting from the post office constitutes a temporary nuisance or a permanent nuisance under Kentucky law, we reverse the decision of the District Court.

## III.

■ We review the District Court's grant of summary judgment *de novo. Michigan United Food and Commercial Workers Unions v. Muir Co.*, 992 F.2d 594, 597 (6th Cir.1993). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Further, at this stage in the litigation, we must view all facts and inferences drawn therefrom in the light most favorable to plaintiffs. *Michigan United,* 992 F.2d at 597.

■ The FTCA statute of limitations requires that a claim be presented against the government within two years "after such claim accrues." 28 U.S.C. § 2401(b). The FTCA further dictates that the federal government be liable in tort in the same manner and to the same extent that state law would impose liability on a private individual in similar circumstances. *Young v. United States,* 71 F.3d 1238, 1241 (6th Cir.1995) (citations omitted); *see* 28 U.S.C. § 2674. Thus, Kentucky state law both provides the cause of action and governs the application of the FTCA's two-year statute of limitations.

*See Arcade Water Dist. v. United States,* 940 F.2d 1265 (9th Cir.1991) (discussing the application of the FTCA statute of limitations in the context of permanent and temporary nuisance actions).

■ Kentucky law recognizes both temporary and permanent nuisances. *See, e.g., Lynn Mining Co. v. Kelly,* 394 S.W.2d 755 (Ky.1965). A nuisance is permanent if it is created by a permanent structure that has been properly constructed and operated. *Id.* at 757. A claim for relief from a permanent nuisance accrues when a plaintiff first suffers an injury resulting from it, and such a claim is subject to the statute of limitations. *Id.* at 758.

■ A nuisance is temporary if it is created by a permanent structure that has been improperly constructed or operated. *Id.* at 758. "[I]n determining whether a nuisance is permanent or temporary, the question is ... whether the cause of the nuisance results from some improper installation or method of operation *which can be remedied at reasonable expense.* If so, the nuisance is a temporary one." *Id.* at 759 (emphasis in original). Such a claim is not barred by the statute of limitations, but recovery would be limited to damages caused within the limitations period immediately preceding the initiation of the action. *Id.; see Fergerson v. Utilities Elkhorn Coal Co.,* 313 S.W.2d 395, 400 (Ky.1958).

For the purpose of summary judgment, it is assumed that the noise complained of is sufficiently annoying to constitute a nuisance under Kentucky law, *see Louisville Refining Co. v. Mudd,* 339 S.W.2d 181, 187 (Ky.1960). If the noise is created in the course of proper and ordinary post office activities, then it constitutes a permanent nuisance and the statute of limitations has expired. If, however, the noise is a result of the improper operation of the post office—whether created by unreasonably loud equipment or personnel—then it constitutes a temporary nuisance, which causes recurring injuries, and the statute of limitations has not expired. *Lynn Mining Co.,* 394 S.W.2d at 759.

The record before us indicates that a genuine issue of material fact exists as to this point. The United States contends that the noise emitted from the post office is caused by ordinary postal activities and has submitted an affidavit from the Pikeville Post Office Postmaster in support of this contention. However, plaintiffs allege in their complaint that the post office generates "unreasonably loud noises consisting of the entry, loading and unloading and exit of tractor-trailers, tossing of bags of mail onto a metal lift conveyor and into metal carts, loud and boisterous voices, and banging equipment." Thomas Huffman's affidavit also speaks of "loud and boisterous noises" and "the loud banging" of "poorly maintained equipment." Finally, plaintiffs allege that the annoying noise has been periodically abated. Thus, the record, viewed in the light most favorable to plaintiffs, raises the inference that the noise results from improper postal operations that are capable of being remedied at reasonable expense, constituting a temporary nuisance.

Since the question of whether plaintiffs' claim is time barred turns, ultimately, on the nature of the activity creating the noise and the cost of potential remedies, see id., there are factual questions upon which the application of the statute of limitations depends. Accordingly, summary judgment was inappropriate.

## IV.

For the foregoing reasons, the decision of the District Court is hereby REVERSED and the case is remanded for further proceedings not inconsistent with this opinion.