RENDERED:  JANUARY 13, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0462-MR

JEREMY DOTSON                                                                  APPELLANT

APPEAL FROM WOODFORD CIRCUIT COURT
v.        HONORABLE ROBERT W. MCGINNIS, SPECIAL JUDGE
ACTION NO. 16-CI-00058

VERSAILLES FARM HOME &
GARDEN                                                                               APPELLEE

OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CALDWELL AND GOODWINE, JUDGES.

THOMPSON, CHIEF JUDGE:  Jeremy Dotson appeals from an order of the Woodford Circuit Court which dismissed Count 2 of his counterclaim.  Appellant argues that the claim should not have been dismissed.  We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

On March 9, 2016, Versailles Farm Home & Garden filed a complaint against Appellant to collect a balance owed by him on a charge account with Appellee. The amount alleged owed was $15,144. On April 12, 2016, Appellant filed an answer and counterclaims.[1] Appellant admitted that he had made no payments toward the debt owed, but claimed that Appellee owed him certain amounts that should be used to offset the recovery amount.

One of the counterclaims revolved around Appellant's personal vehicle. Appellant began working for Appellee in January of 2013.[2] During the period of his employment, Appellant allowed Appellee to use his personal truck to tow heavy equipment. Appellant alleged that Appellee's owner, Jim Gibbs, agreed to pay for any damage done to the vehicle during the scope of it being used by Appellee or its employees. In November or December of 2013, employees of Appellee allegedly used the truck in a negligent manner and caused significant damage to the truck's engine. Appellant spent over $4,000 to repair the truck. Appellee did not reimburse Appellant for the repair costs.

On May 25, 2016, Appellee filed a motion for judgment on the pleadings arguing that the counterclaim revolving around the truck damages should

---

[1] Appellant raised two counterclaims; however, only one is at issue in this case.

[2] Appellant's employment with Appellee lasted about a year.

be dismissed because it was time-barred pursuant to Kentucky Revised Statutes (KRS) 413.125. KRS 413.125 states that actions for the damage to personal property must be brought within two years from the time the cause of action accrues. Appellee argued that it had been over two years since the truck was damaged. Appellant argued that KRS 413.120 was the applicable statute of limitations. KRS 413.120(1) states that claims regarding oral contracts must be brought within five years. Appellant claimed that Appellee's agreement to pay for any work-related damages to the truck was an oral contract. Appellant also argued that this claim was an offsetting claim; therefore, it was not subject to a statute of limitations defense. The trial court denied the motion for judgment on the pleadings at that time because it believed Appellant had pled sufficient facts to support a finding of an implied oral contract regarding the repair of the truck.

There was little movement in the case for the next several years. On January 27, 2022, Appellee moved for summary judgment as to the same counterclaim. Appellee again claimed that the two-year statute of limitations was the proper statute. Appellee also argued that the counterclaim was not an offsetting claim because it did not grow out of the charge account debt. Appellant responded by arguing that the five-year statute of limitations was applicable and the claim could not be barred by any statute of limitations because it was an offsetting claim.

On March 21, 2022, the trial court entered an order which held that the two-year statute of limitations applied; therefore, Appellant's counterclaim regarding his truck repairs was barred. That claim was dismissed with prejudice. One month later, the trial court made the March 21 order final and appealable. This appeal followed.

## ANALYSIS

Appellant's first argument on appeal is that the KRS 413.120(1) five-year limitation period applies in this case and not the KRS 413.125 two-year limitation period. "Whether an action is barred by the statute of limitations is a question of law to be decided by the courts[.]" *Cuppy v. General Acc. Fire & Life Assur. Corp.*, 378 S.W.2d 629, 631 (Ky. 1964). We review questions of law *de novo*. *Commonwealth v. Long*, 118 S.W.3d 178, 181 (Ky. App. 2003).

Here we have a cause of action that could ostensibly apply to both limitation periods. Appellant claims that he and Appellee had an agreement that Appellee would pay for any work-related damage to his vehicle. This would seem to fit within the five-year limitation period for oral agreements. On the other hand, the underlying issue is that his vehicle was damaged, which would seem to fit within the two-year limitation period for damage to personal property.

-4-

We agree with the trial court that the two-year limitation period found in KRS 413.125 applies.  We believe that the case of *Carr v. Texas Eastern Transmission Corporation*, 344 S.W.2d 619 (Ky. 1961), is directly on point.

> On November 23, 1956, Texas Eastern Transmission Corporation, an interstate pipe-line company, entered into an easement agreement with the owners of the land on which appellant, James C. Carr, as a tenant, was grazing 161 head of cattle.  [Appellant], Carr, was also a party to the easement agreement, with the result that he stands on the same footing as the owners of the land in respect to any violation of its terms.  The agreement recites, in part, that appellee '. . . will not damage any buildings or ponds or other property off the right-of-way easement.'
>
> On May 23, 1959, appellant filed his action seeking recovery under the quoted clause of the contract for damages in the sum of $2,500 allegedly caused to his cattle.  He averred that appellee in constructing its pipe line in August of 1957 across the lands of his landlords 'made weird and strange noises' that caused his cattle to run and stampede and to become scared and nervous so that they refused to eat and, as a result, they lost weight and quality.

*Id.* at 620.

Carr's cause of action was dismissed by the trial court based on a statute of limitations.  KRS 413.140(1)(b) states that a cause of action against a corporation based on the injury to livestock must be brought within one year.  The trial court held that because Carr failed to file his cause of action in time, it should be dismissed.  Carr appealed and argued that his cause of action was for a breach

-5-

of contract which would be controlled by the fifteen-year statute of limitations found in KRS 413.090(2).  The Court held that

> [t]he rule . . . is that it is the *object* rather than the *form* of the action which controls in determining the limitation period.  The form in the case at bar may derive indirectly from a contract but the object of the action is to recover for alleged injuries . . . to cattle.

*Carr*, 344 S.W.2d at 620 (emphasis in original).

This holding is determinative of this case.  Appellant's counterclaim may indirectly stem from an oral agreement, but the object of his cause of action is to recover for damages to his vehicle; therefore, the two-year statute of limitations found in KRS 413.125 applies.  The trial court did not err in its holding.

Appellant also argues that his truck-related counterclaim should not have been dismissed because it is an offsetting claim.  Appellant is correct that, in some instances, an offsetting claim can still move forward even when it violates a statute of limitations.

> The statute of limitation is intended to close the door of the courts to the bringing of suits on *stale claims*. It is intended to be used as a blanket to smother any faint respiration of moribund claims of plaintiffs in regular causes of action or those of defendants asserted by counterclaims.  Limitation law is not intended to bar nor smother any *mere defense* of a party so as to compel him to stand dumb and mute while his antagonist bludgeons his head with every weapon in the book of legal, offensive warfare.  For, so long as the courts will hear a plaintiff's cause of action, they will also hear a [defendant's] retort of vindication for the attitude he has

> assumed, provided always that the cause of action and the asserted defense are closely and [logically] related in a sort of legal affinity.
>
> The purpose of statutes of limitations is to bar actions rather than to suppress defenses. Such statutes, as a general rule, are not applicable to defenses but are only applicable against assertions of affirmative relief. Thus, so long as the courts will hear the plaintiff's case, time will not bar the defense which might be urged thereto and which grew out of the transaction connected with the plaintiff's claim.

*Liter v. Hoagland*, 305 Ky. 329, 332, 204 S.W.2d 219, 220 (1947) (emphasis in original) (citations omitted). In other words, counterclaims "connected with and growing out of the matter that was the basis of the suit" cannot be barred by a statute of limitations. *Luscher v. Security Tr. Co.*, 178 Ky. 593, 199 S.W. 613, 614 (1918). If the two matters are "separate and distinct," then the statute of limitations will still apply. *Id.*

Appellant argues that the charge account debt and damages to his truck arose out of his employment relationship with Appellee; therefore, the statute of limitations does not bar this offsetting claim. Appellant claims that he allowed Appellee to use his truck during his employment and that he was allowed to maintain a charge account with Appellee as part of his employment. Appellee argues that it is simply trying to collect on a debt and that its lawsuit has nothing to do with Appellant's previous employment. Appellee also claims that Appellant has had a charge account with it since the 1990s, long before Appellant's

employment with Appellee, and there is documented evidence in the record to support this claim.

When examining this issue, we must keep in mind the summary judgment standard of review.

> The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. . . . "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor[.]"

*Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citations omitted). "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo.*" *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky. App. 2001).

Here, Appellant alleges that his use of the charge account was part of his employment agreement with Appellee. Appellee disputes this. This is a genuine issue of material fact. If the use of the charge account was a term of Appellant's employment, then it would be directly related to Appellee's use of

Appellant's vehicle. Both would be terms of his employment and connected. The truck-related counterclaim would then be a proper offsetting claim and would not be barred by the two-year limitation period.

## **CONCLUSION**

Based on the foregoing, we affirm in part, reverse in part, and remand. We affirm the trial court's judgment that the two-year statute of limitations applies to the truck-related counterclaim; however, we believe the court erred in granting summary judgment. There is still a genuine issue of material fact regarding whether Appellant's use of the charge account was a term of his employment. If it was, then the counterclaim at issue in this appeal would be a proper offsetting claim as it too was related to his employment, and the two-year limitation period would not apply. We reverse the dismissal of Appellant's counterclaim and remand for additional proceedings.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Shelby C. Kinkead, Jr.
Lexington, Kentucky

BRIEF FOR APPELLEE:

Cassie W. Barnes
Versailles, Kentucky